The Appellate Division has “broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range” (People v Delgado, 80 NY2d 780, 783 [1992]). “We may substitute our own discretion even where a trial court has not abused its discretion” (People v Edwards, 37 AD3d 289, 290 [1st Dept 2007], lv denied 9 NY3d 843 [2007]) and may reduce a sentence in the interests of justice, taking into account factors such as a defendant’s age, physical and mental health, and remorse (see People v Ehrlich, 176 AD2d 203, 204 [1st Dept 1991]).
Defendant is a 61-year-old Vietnam veteran, who once had a successful business and stable family life. His decline, marked by business failure, family dissolution and larceny, has been fueled by drug and alcohol abuse. Although his criminal record is extensive, his offenses have been nonviolent, with the instant charges stemming from commercial burglaries.
Considering the nonviolent nature of his criminal conduct, his age and poor health (Crohn’s disease, epilepsy, and asthma), and his expressions of remorse, defendant’s aggregate sentence of 6 to 12 years warrants modification to the extent of running the sentences imposed under all three counts concurrently with each other (see People v Solomon, 78 AD3d 521 [1st Dept 2010], lv denied 16 NY3d 863 [2011]; People v Schonfeld, 68 AD3d 449 [1st Dept 2009]; People v Lakatosz, 59 AD3d 813 [3d Dept 2009], lv denied 12 NY3d 917 [2009]; People v Ostrow, 165 AD2d 719 [1st Dept 1990]; People v Harrison, 120 AD 2d 358 [1st Dept *615 1986], lv denied 68 NY2d 668 [1986]). This will result in an aggregate sentence of 3 to 6 years. Concur — Andrias, J.P., Catterson, Moskowitz and Manzanet-Daniels, JJ.